1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,        )   Case No.  10cv2540 IEG (BGS)
                                      )
11                  Petitioner,       )
                                      )
12          v.                        )   ORDER  GRANTING  PETITION  TO
                                      )   ENFORCE INTERNAL REVENUE SERVICE
13   DARRELL B. MOORE,                )   SUMMONS
                                      )
14                  Respondent.       )
     _____)
15

16          The Government has petitioned the Court for an order enforcing the Internal Revenue Service

17   ("IRS") Summons issued to Respondent Darrell B. Moore ("Respondent").  On December 14, 2010, the

18   Court issued an order to show cause why the IRS summons should not be judicially enforced.  On

19   December 16, 2010, the IRS personally served a copy of the order to show cause, the Government's

20   petition to enforce and supporting declaration upon Respondent.  Respondent did not file a written

21   response to the order to show cause.

22          The hearing was held on the Government's petition on February 7, 2011, at 10:30 a.m. The

23   Government was represented by Assistant United States Attorney Caroline J. Clark.  Respondent did

24   not appear.  For the reasons explained herein, the Government's petition to enforce the summons is

25   granted.

26                                    BACKGROUND

27          On March 3, 2010, C. Garcia, a Revenue Officer employed by the IRS, issued an IRS summons

28   to Respondent.    [Declaration of Revenue Officer Gregory Peterson in Support of Petition,

     ("Peterson Decl."), ¶ 3.]  The IRS is conducting an investigation regarding Respondent's ability to pay

1

2   his outstanding tax liabilities.  The summons relates to the collection of Respondent's unpaid assessed

3   federal income tax liability for the tax years 2004 and 2006.  [Id. at ¶¶ 2-3.]  On March 4, 2010,

4   Revenue Officer Peterson served a copy of the summons on Respondent by leaving it at his last and

5   usual place of abode.  [Id. at ¶ 4.]

6        The summons ordered Respondent to appear before the IRS on April 1, 2010 at 8:30.  [Id. at ¶ 5.]

7   On April 1, 2010, Respondent did not appear before the IRS as directed and did not provide any of the

8   summoned information.  [Id.]  On April 1, 2010, Revenue Officer Peterson received a telephone call

9   from Respondent during which he rescheduled his appointment to April 9, 2010.  [Id. at ¶ 6.]  On

10  April 9, 2010, Respondent did not appear but again called Revenue Officer Peterson and informed him

11  that he would pay his outstanding tax liability on April 12, 2010.  [Id.]  Respondent did not appear on

12  April 12, 2010 and did not provide any of the summoned information or payment to the IRS.  [Id.]  The

13  Office of Division Counsel of the IRS subsequently sent a letter to Respondent directing him appear

14  before the IRS on June 8, 2010.  [Id. at ¶ 7.]  Respondent again failed to appear or provide any of the

15  summoned information or payment.  [Id.]  On September 16, 2010, Assistant United States Attorney

16  Caroline Clark sent a letter to Respondent advising him that if he wanted to avoid the initiation of

17  enforcement proceedings, he needed to appear before Revenue Officer Peterson and comply with the

18  summons on October 15, 2010.  [Id. at ¶ 8.]  Respondent did not appear on October 15, 2010 and later

19  called Revenue Officer Peterson to reschedule the meeting until November 29, 2010.  [Id. at ¶¶ 8-9.]

20  Respondent did not appear on November 29, 2010.  [Id. at ¶ 9.]  To date, Respondent has not provided

21  the IRS with the testimony and documents requested by the summons.  [Id. at ¶ 10.]

22        On December 10, 2010, the Government petitioned the Court to enforce the summons.  On

23  December 14, 2010, the Court set a hearing date for this matter and ordered Respondent to show cause

24  why he should not be compelled to comply with the IRS summons.  Respondent did not file a written

25  response to the order to show cause.  On February 7, 2011, the Court held a hearing on the order to show

26  cause.

27                                  DISCUSSION

28        Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books,

1  papers, records, or other data which may be relevant of material" in connection with "ascertaining the

2  correctness of any return, making a return where none has been made, determining the liability of any

3  person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the

4  Secretary to issue summonses to compel persons in possession of such books, papers, records, or other

5  data to appear and produce the same and/or give testimony.

6      In order to obtain judicial enforcement of an IRS summons, the United States "must first

7  establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks

8  information relevant to that purpose; (3) seeks information that is not already within the IRS'

9  possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v.

10  United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58

11  (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the

12  sworn declaration of the revenue agent who issued the summons that Powell requirements have been

13  met." Id. at 120.  Once the government has made a prima facie showing that enforcement of the

14  summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons

15  would be an abuse of the court's process. Powell, 379 U.S. at 58.  The Supreme Court has characterized

16  respondent's burden as a heavy one.  Id.

17      The Government's petition and Revenue Officer Peterson's supporting declaration satisfy all

18  four elements of the Powell standard.  First, the IRS is conducting an investigation with respect to the

19  collection of Respondent's unpaid assessed federal tax liabilities for the tax years 2004 and 2006.

20  [Peterson Decl., ¶ 2.]  Such an investigation is expressly authorized by 26 U.S.C. § 7602(a).  The

21  Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the

22  liability of any person for any internal revenue tax . . . or collecting any such liability . . ."

23  26 U.S.C. § 7602(a).  Thus, the summons was issued for a legitimate purpose.  Second, Revenue Officer

24  Peterson has declared in his affidavit that the information requested by the summons may be relevant

25  to the IRS determination of the collectibility of Respondent's assessed income tax liability.  [Id. at ¶ 13.]

26  Third, the IRS does not already possess the testimony, papers, records, and other data sought by the

27  summons issued to Respondent.  [Id. ¶ 11.]  Finally, the IRS has followed and exhausted all required

28  administrative steps, but Respondent has not complied with the summons.  [Id. at ¶ 12.]  Thus, the

1    Government has made <u>prima facie</u> showing that it is entitled to judicial enforcement of the summons.

2                                                    <u>CONCLUSION</u>

3         For the reasons set forth herein, the Government's petition to enforce the IRS summons is

4    GRANTED.  Respondent, Darrell B. Moore, is directed to appear before IRS Revenue Officer Gregory

5    Peterson or a designee, on <u>*March 14, 2011, at 8:30 a.m.*</u>, at the offices of the Internal Revenue Service

6    located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give

7    testimony as directed in the summons.  The Government shall serve a copy of this Order upon

8    Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon

9    counsel for the Government, or as soon thereafter as possible.  Proof of such service shall be filed with

10   the Clerk of Court as soon as practicable.

11        <u>Respondent is hereby notified that failure to comply with this Order may subject him to</u>

12   <u>sanctions for contempt of court.</u>

13        **IT IS SO ORDERED.**

14   DATED:  February 8, 2011

15                                        _____
                                         IRMA E. GONZALEZ, Chief Judge
16                                         United States District Court

17

18

19

20

21

22

23

24

25

26

27

28